BARBETTA v. BLYTHE CO., INC.

———

(June 16, 1930. Opinion and Decree.)
(July 23, 1930. Rehearing Refused.)
(October 8, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

C. A. Buchler, of New Orleans, attorney for plaintiff, appellee.

A. D. Danziger, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit for the rescission of a contract for the sale of real estate and the return of the purchase price, and in the alternative for specific performance thereof. There was judgment by default and a motion for a new trial was de-

nied by the judge a quo. The defendant has appealed.

The record shows that the defendant entered into a written contract for the sale of real estate with plaintiff's minor son on May 17, 1926. The consideration of the contract was $760, $500 of which was paid in cash and the balance in installments, which were fully paid on August 18, 1926. On that date he also paid the sum of $3 cash to cover the fee for an act of sale. Thereafter plaintiff made numerous demands upon the defendant to pass an act of sale, conveying an unincumbered title to him. It appears that there was a mortgage of $50,000 on the property, and that defendant experienced difficulty in having this mortgage released. On December 20, 1926, defendant wrote the plaintiff that title would be passed in due course on securing mortgage and conveyance certificates.

During June, 1927, the attorney for the plaintiff called upon the president of the defendant company and demanded that the title be passed, and the president assured the attorney that as soon as the mortgage could be released the act of sale would be passed. On June 15, 1927, the attorney for the plaintiff wrote the defendant a letter demanding either the rescission and cancellation of the contract and the return of the purchase price, or that the title be immediately passed. The defendant, having failed to comply with this request, was formally placed in default on October 12, 1927, and still failing to comply with the contract the present suit was filed on December 30, 1927, and citation was served on January 3, 1928.

On January 5, 1928, the office of the attorney for the defendant wrote the plaintiff's attorney a letter requesting additional time within which to file an answer to the suit, as he was out of the city. Counsel for the plaintiff acknowledged receipt of this letter on January 7, 1928, and consented thereto. It appears that there were some negotiations between the attorneys with a view of having the act of sale passed and on April 19, 1928, the attorney for the defendant wrote a letter stating that the title would be passed on May 10, 1928. On this date the defendant company was not prepared to deliver an unincumbered title, and plaintiff insisted that the contract be canceled and the money returned.

On June 8, 1928, a preliminary default was entered and confirmed on June 15, 1928. The attorney for the plaintiff, when placed on the witness stand, admitted that he did not notify the attorney for the defendant that the default would be confirmed, and that his client insisted that the case be pressed, but says he unsuccessfully endeavored to reach defendant's attorney.

The motion for the new trial was based upon the fact that, since counsel for the plaintiff agreed to grant counsel for the defendant additional time within which to file an answer, and as negotiations were pending for the settlement of the matter by having the act of sale passed, the confirmation of the default was illegally taken and that a new trial should be granted.

We are of the opinion that it was never the intention of the attorneys of either party that an indefinite and unreasonable period of time would be granted within which to file an answer. We feel that counsel for plaintiff allowed every reasonable opportunity to the counsel for defendant to file an answer.

The dates as recited above show that the defendant company breached its agreement, particularly in view of the fact that the

contract called for delivery of title within 30 days after the date of last payment. The last payment was made on August 18, 1926, including the fee for the deed. Notwithstanding 'the fact that additional reasonable time was granted, the title was not passed on May 10, 1928, as the attorney for the defendant stated it would be passed. Certainly after that date the agreement to allow additional time to file an answer was at an end.

For the reasons assigned the judgment appealed from is affirmed.